**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EXXON MOBIL CORPORATION** **CIVIL ACTION**

**VERSUS**

**TURNER INDUSTRIES GROUP, LLC** **NO. 07-967-C-M2**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 28, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EXXON MOBIL CORPORATION** **CIVIL ACTION**

**VERSUS**

**TURNER INDUSTRIES GROUP, LLC** **NO. 07-967-C-M2**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, and Alternative, Rule 56 Summary Judgment (R. Doc. 25) filed by defendant, Turner Industries Group, L.L.C. ("Turner"). Plaintiff, Exxon Mobil Corporation ("Exxon"), has filed an opposition (R. Doc. 41) to this motion. Both parties have also filed reply memoranda (R. Docs. 44 and 47).

**FACTS & PROCEDURAL BACKGROUND**

In 1969, Exxon's predecessor, Humble Oil & Refining Company ("Humble Oil"), contracted with Turner's predecessor, Nichols Construction Company ("Nichols"), to perform new construction and maintenance services at the Exxon refinery in Baton Rouge, Louisiana. The contract was amended in 1971 to include the following indemnity clause:

> Contractor [Nichols/Turner] shall defend, indemnify, and save Owner [Humble/Exxon], its officers, employees, agents, representatives, and insurers harmless from all claims, for injuries to or death of any and all persons, including without limitation, employees, agents, and representatives of Contractor or its subcontractors, arising out of or in connection with or by reason of work done by Contractor, its employees, agents, representatives, or subcontractors under this contract, expressly excepting claims, for injuries or death caused by the sole negligence of Owner, its officers, employees, agents, and representatives.

*See*, Exhibit 2 to Turner's motion. In recent years, numerous claimants have filed suits in Louisiana state courts against Exxon, Turner, and various other premises owners,

manufacturers, and contractors, alleging that they contracted asbestos-related diseases due, at least in part, to exposure to asbestos on the premises of the Exxon refinery. A number of those claimants are current and/or former employees of Nichols/Turner.

As a result of such asbestos claims, Exxon has incurred legal expenses and costs and has requested that Turner indemnify it based upon the indemnity clause quoted above. Because Turner has not acknowledged any responsibility to indemnify Exxon under the contract, Exxon filed the present action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a declaratory judgment clarifying the scope of indemnity rights between the parties. Turner now seeks either a Rule 12(b)(6) or a Rule 56 dismissal of Exxon's action on the grounds that it is premature since indemnity obligations are not justiciable before a resolution of the main demand and/or because the action is preempted under La. R.S. 9:2772 since the construction and maintenance work in question occurred over ten years before this action was filed.

**LAW & ANAYLSIS**

The Declaratory Judgment Act provides that a court "may declare the rights of and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The Act bestows a choice upon the district court, and the decision of whether or not to grant a party's request for declaratory judgment is left to the district court's sound discretion. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). However, a district court may not dismiss an action on a whim, and it must provide an explanation for its actions. *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29-30 (5th Cir. 1989). In determining whether or not it should hear a declaratory judgment action, the district court should

consider a number of factors. Although not an exclusive list, the Fifth Circuit Court of Appeals has held that a district court can deny declaratory relief:

> [i] because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, [ii] because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; [iii] because of possible inequities in permitting the plaintiff to gain precedence in time and forum; *or* [iv] because of inconvenience to the parties or the witnesses.

*Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)(quoting *Rowan*, at 29).

Analyzing the present case in light of the above factors, the Court finds that it is appropriate for it to exercise its discretion and dismiss this matter. First, the state courts, where the various underlying liability claims are being litigated, offer a forum in which the indemnification/defense cost issue can be fully litigated. Given that the state courts can apply Louisiana contract law just as well as this Court to interpret the rights and obligations of the parties under the indemnification clause, the Court is unaware of any reason for Exxon's selection of this forum for its declaratory judgment request, other than a view on its part that this may be a more favorable forum than state court, *i.e.*, forum shopping.

Secondly, liability on the underlying action can only be determined in state court. This Court cannot resolve the indemnification/defense cost issue at this time because the Louisiana Supreme Court has held that, under the Louisiana Oilfield Indemnification Act ("LOAIA"),[1] an indemnitor's (Turner's) obligation for indemnification/cost of defense "cannot

---

[1] When a federal court is sitting in diversity, as in the present case, it applies the choice of law rules of the forum state – here, Louisiana. *Henry v. Duane Morris, LLP*, 2006 WL 3687088 (5th Cir. 2006), citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Choice of law in civil suits in Louisiana is generally governed by La.C.C. art. 3542, which provides that the law to be applied should be the "law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La.C.C.art. 3542. In order to make that determination, courts are to consider "the pertinent

be determined until there has been a judicial finding that the indemnitee (Exxon) is liable or that the charges against it are baseless." *Meloy v. Conoco, Inc.*, 504 So.2d 833 (La. 1987).[2] The Louisiana Supreme Court has further held that, whether an oil company/indemnitee is free from fault and thus outside the scope of the Act can only be determined *after a trial on the merits*. *Id.* [Emphasis added]. Since this Court cannot determine liability on the underlying claims against Exxon and Turner and those claims have not yet reached judgment in the state courts, it is premature to request that this Court resolve the indemnification issue, and any decision by the Court at this juncture would not completely resolve that issue. *See, Top Tool Company v. Chevron U.S.A., Inc.*, 1994 WL 43782 (E.D.La. 1994)(where the Eastern District of Louisiana faced a similar scenario to the present case and held that a declaratory judgment action to determine indemnification

---

contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered," as well as the policy goals of deterring wrongful conduct, providing damages for injury, and protecting the parties' justified expectations. *Id.* Exxon does not dispute that Louisiana's substantive law is applicable herein under La.C.C.art. 3542; moreover, Louisiana's contacts with the parties, contract, and events giving rise to the dispute justify the application of Louisiana law to this dispute. The applicable Louisiana law to the issue at bar is the LOAIA, and the Fifth Circuit has expressly determined that nothing about that Act conflicts with federal law. *Alleman v. Omni Energy Services Corp.*, 434 F.Supp.2d 405 (E.D.La. 2006), citing *Hogden v. Forest Oil Corp.*, 87 F.3d 1512, 1527 (5th Cir. 1996).

[2] In other words, there is a possibility that inconsistent results could occur if this Court were to render a decision relative to Turner's obligation to defend and indemnify before the state courts reach decisions regarding liability on the underlying claims. For example, if this Court were to proceed herein and determine that Turner is obligated to defend and indemnify Exxon prior to the main demands reaching judgment in state court, and then Exxon is subsequently found to be solely negligent on the main demands after trials on the merits in state court, inconsistent results would exist since, under the indemnification clause, Turner would not be obligated to defend and indemnify Exxon, as the solely negligent party. *Morella v. Board of Com'rs of Port of New Orleans*, 2004-0312 (La.App. 4 Cir. 10/27/04), 888 So.2d 321 (Absent an unequivocal agreement to the contrary, contractual indemnity agreements do not cover situations in which the indemnitee is found to be at fault. Thus, the indemnitor's obligation to defend and indemnify is contingent upon the indemnitee's negligence or lack thereof, and such obligation does not arise until a decision has been made regarding the indemnitee's fault).

rights/obligations between the parties in a case in which the LOAIA might apply should be dismissed because the matter could be fully litigated in state court, where the underlying action was pending, and because, under *Meloy v. Conoco, Inc.*, 504 So.2d 833 (La. 1987), the question of an indemnitor's obligation to indemnify and provide a cost of defense cannot be resolved until a determination of the indemnitee/oil company's negligence has been made after a trial on the merits); *University Rehabilitation Hospital v. International Cooperative Consultants, Inc.*, 2006 WL 1098905, *7 (W.D.La. 2006)(where the Western District of Louisiana held that a plaintiffs' claim for relief under the indemnity provision of an agreement was premature under settled Louisiana law, as the parties had not yet sustained any compensable loss, and the underlying lawsuit was still pending and no

determination of liability had been made).[3] [4]

---

[3] *See also, American Home Assur. Co. v. Chevron, USA, Inc.*, 400 F.3d 265 (5th Cir. 2005), where the Fifth Circuit recognized the Louisiana Supreme Court's decision in *Meloy* as the controlling law on the issue of when an indemnitee/principal can bind a indemnitor/contactor to provide a defense and indemnify and held that the district court prematurely granted summary judgment on an indemnity claim without providing the opposing party an opportunity to establish the indemnitee's fault. The Fifth Circuit stated the following:

> In *Meloy*, the Louisiana Supreme Court noted that "[p]rior to a judicial determination, it is not known whether the indemnitee is or is not at fault; therefore the [LOAIA] would prohibit a provision requiring an 'up-front' defense." Thus, under *Meloy*, an indemnitee apparently cannot bind a contractor-indemnitor to provide a defense to its oil company-principal before an adjudication on the merits.

*Id.*, at 271 (Citations omitted); *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 51 (La. 2005)(reversing appellate court's holding that general contractor owed a duty as a matter of law to defend city and engineering firm and deferring claim until underlying lawsuit was concluded and liability determined); *Alleman v. Omni Energy Services Corp.*, 434 F.Supp.2d 405 (E.D.La. 2006)(The *Meloy* court made clear that the Anti-Indemnity Act is triggered only once there has been a judicial finding that the indemnitee is at fault. The fact that allegations of the indemnitee's negligence exist is not sufficient under *Meloy*, and a judgment on the enforceability of indemnity provisions before there has been a judicial finding of liability on the merits would be premature).

[4] Exxon argues that federal courts often allow liability insurers to seek a determination of the duty to defend in the insurance context prior to the resolution of the underlying suit and even though the claims against the insurer are contingent upon a recovery of judgment against the insured. However, the Fifth Circuit, the Louisiana Supreme Court, and the Western District of Louisiana have observed that "[a]n indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy." *University Rehabilitation Hospital,* *7, quoting *Meloy*, at 839. An indemnitor is not liable under an indemnity agreement until the indemnitee "actually makes payment or sustains loss." *Id.* Thus, "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." The allegations of the complaint against the indemnitee are irrelevant to the indemnitor's obligation to pay, and it is the terms of the indemnity agreement which govern the obligations of the parties. *Id.; Morella v. Bd. of Comm'rs of Port of New Orleans*, 888 So.2d 321, 325 (La.Ct.App. 2004); *American Home Assur.*, 271 (applying *Meloy*).

By contrast, an insurer's obligation to defend suits against its insured is broader than its liability for damage claims, and such duty is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. *Meloy*, at 838, citing *American Home Assurance Co. v. Czarniecki*, 255 La. 251, 230 So.2d 253 (1969)(An insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy).

Finally, while neither party has mentioned whether or not there is presently pending in state court a declaratory judgment request concerning indemnification,[5] the Court notes that, if such a request is pending, it is certainly appropriate for the present action to be dismissed. *Top Tool*, at *3, citing *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 809 (5th Cir. 1992). Since this Court cannot fully adjudicate the rights of the parties under the indemnification clause in question until the underlying litigation is concluded, if such a request is pending in state court, it would be "uneconomical as well as vexatious for [this Court] to proceed in a declaratory judgment suit." *Top Tool*, at *3, quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).[6]

**RECOMMENDATION**

For the above reasons, it is recommended that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, and Alternative, Rule 56 Summary Judgment (R. Doc. 25) filed by defendant, Turner Industries Group, L.L.C., be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE** as premature because Turner's obligation to indemnify and provide cost of defense cannot be determined until there has been a judicial finding in state court as to the liability, if any, of plaintiff, Exxon Mobil Corporation.

Signed in chambers in Baton Rouge, Louisiana, March 28, 2008.

---

[5] Exxon has only mentioned that there is not a "parallel breach of contract action" in state court.

[6] Because this suit should be dismissed on the ground that it is premature, the Court need not address Turner's additional argument that the suit is preempted by La. R.S. 9:2772.

________________________________________

**MAGISTRATE JUDGE CHRISTINE NOLAND**