***United States Court of Appeals***
FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

U.S. DISTRICT COURT MIDDLE DIST. OF LA.
AUG 28
BY DEPUTY CLERK

August 24, 2009

Mr. Nick Lorio
U. S. District Court, Middle District of Louisiana
777 Florida Street
Baton Rouge, LA 70801

No. 08-30557, Exxon Mobil Corp v. Turner Industries
USDC No. 3:07-CV-967

Enclosed, for the Middle District of Louisiana, Baton Rouge only, is a copy of the judgment issued as the mandate.

Enclosed, for the Middle District of Louisiana, Baton Rouge only, is a copy of the court's opinion.

The electronic copy of the record has been recycled.

CHARLES R. FULBRUGE III, Clerk

By: Dantrell Johnson
Dantrell L. Johnson, Deputy Clerk
504-310-7689

cc: (letter only)
Ms. Charlotte C McDaniel McGehee
Mr. Reagan W Simpson
Mr. Gregg L Spyridon
Honorable Ralph E. Tyson (Sent via e-mail)

P.S. to Judge Tyson: A copy of the opinion was sent to your office via email the day it was filed.

*MDT-1*

United States Court of Appeals
Fifth Circuit
**FILED**
July 31, 2009

Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 08-30557

---

D.C. Docket No. 3:07-CV-967

EXXON MOBIL CORPORATION

Plaintiff - Appellant

v.

TURNER INDUSTRIES GROUP, LLC

Defendant - Appellee

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 24 AUG 2009

**A True Copy** 24 AUG 2009
**Attest**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

**By:** [signature]
**Deputy**

**New Orleans, Louisiana**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2009

Charles R. Fulbruge III
Clerk

---

No. 08-30557

---

EXXON MOBIL CORPORATION

Plaintiff - Appellant

v.

TURNER INDUSTRIES GROUP LLC

Defendant - Appellee

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-967

---

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:*

This appeal is from the dismissal of a declaratory-judgment action. Turner, the appellee, was an on-site contractor for Exxon, the appellant.[1] Turner's current and former employees sued Exxon in Louisiana state court for asbestos-related injuries. Turner and Exxon had a defense-and-indemnity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties' proper names are Turner Industries Group LLC and Exxon Mobil Corp. We will refer to Turner Industries Group LLC and its predecessor, Nichols Construction Co., collectively as "Turner." We will refer to Exxon Mobil Corp. and its predecessor, the Humble Oil & Refining Company, collectively as "Exxon."

agreement, which, in this federal declaratory action, Exxon seeks to clarify. A magistrate judge recommended dismissing the declaratory action under Federal Rule of Civil Procedure 12(b)(6) or granting summary judgment under Federal Rule of Civil Procedure 56. The district court approved the recommendation and adopted the magistrate judge's report as its opinion.

On appeal, Exxon raises four arguments: (1) the dismissal was a ripeness determination, and hence our standard of review is *de novo*; (2) the dismissal was erroneous because the declaratory action is ripe; (3) the district court erred insofar as it relied on the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") in determining that the action was prematurely brought; and (4) if the action is *not* ripe, the dismissal should have been under Federal Rule of Civil Procedure 12(b)(1).

We hold that the district court dismissed this action under its discretionary authority accorded by 28 U.S.C. § 2201. We therefore review only for abuse of discretion, and we hold that the dismissal was not an abuse of discretion. Furthermore, the district court's references to the LOAIA do not constitute reversible error. Because we find no reversible error, we affirm.

I.

Exxon operates a chemical plant and oil refinery in Baton Rouge, Louisiana. Turner provided construction and maintenance services at the facility under a blanket cost-plus-work contract. The contract, as amended, provided that Turner must defend and indemnify Exxon:

> from all claims, for injuries to or death of any and all persons, . . . arising out of or in connection with or by reason of work done by [Turner] . . . under this contract, expressly excepting claims, for injuries or death caused by the sole negligence of [Exxon] . . . .

Eighty-nine of Turner's current or former employees have asserted asbestos-related personal-injury claims against Exxon (as well as other



Case 3:07-cv-00967-RET-CN Document 68 08/28/09 Page 4 of 11

companies, sometimes including Turner) in Louisiana state court. Exxon demanded defense and indemnity under the blanket contract. Turner declined, and Exxon filed this declaratory action to clarify its contractual rights.

Turner moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. It argued that the declaratory action is "premature, as indemnity obligations are not justiciable before a resolution of the main demand." The action is premature and non-justiciable, Turner explained, because the blanket contract exempts Turner from defending or indemnifying Exxon for Exxon's sole negligence. Exxon's sole negligence in causing asbestos-related injuries requires a factual, case-by-case determination. Under Louisiana law, this determination cannot be made until the conclusion of trial on the merits. Turner concluded that the declaratory action will not be "ripe or justiciable" until the personal-injury trials end.

Turner also argued on the action's merits, asserting statutory peremption as an affirmative defense to any contractual duty of defense or indemnity it might otherwise owe to Exxon.

Exxon responded that the action is justiciable and that the district court should exercise its discretionary declaratory-judgment jurisdiction. The action is justiciable, Exxon contended, for three reasons. First, trial on the merits has ended in at least four of the underlying personal-injury lawsuits. Second, this court has ruled that a declaratory action regarding defense-and-indemnity duties is justiciable "despite the fact that the underlying state court suit ha[s] not yet reached final judgment." *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998). Third, Turner presented affirmative defenses that affect Turner's duties across all of the underlying personal-injury lawsuits.

Exxon contended that the district court should exercise its discretion to hear the declaratory action because doing so would lower the parties' litigation costs, conserve judicial resources, and avoid inconsistent rulings.

A magistrate judge recommended dismissing the action. She explained that the Declaratory Judgment Act "bestows a choice upon the district court, and the decision of whether or not to grant a party's request for declaratory judgment is left to the district court's sound discretion." *Exxon Mobil Corp. v. Turner Indus. Group LLC*, No. 07-967-C-M2, at 2 (M.D. La. Mar. 28, 2008) (magistrate judge's report and recommendation). She recommended against exercising that discretion because: (1) Exxon's right to defense and indemnity depends on a construction of Louisiana law, which Louisiana state courts can provide just as well as a federal court; (2) Exxon might be using the declaratory action to forum-shop; and (3) the declaratory action was "premature":

> This Court cannot resolve the indemnification/defense cost issue at this time because the Louisiana Supreme Court has held that, under the Louisiana Oilfield Indemnification Act ("LOAIA"), an indemnitor's (Turner's) obligation for indemnification/cost of defense "cannot be determined until there has been a judicial finding that the indemnitee (Exxon) is liable or that the charges against it are baseless." The Louisiana Supreme Court has further held that, whether an oil company/indemnitee is free from fault and thus outside the scope of the Act can only be determined *after a trial on the merits*. Since this Court cannot determine liability on the underlying claims against Exxon and Turner and those claims have not yet reached judgment in the state courts, it is premature to request that this Court resolve the indemnification issue, and any decision by the Court at this juncture would not completely resolve that issue.

*Id.* at 3-4 (citations and footnotes omitted) (quoting *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987)).



Case 3:07-cv-00967-RET-CN Document 68 08/28/09 Page 6 of 11

Over Exxon's objection, the district court: approved the magistrate judge's report and recommendation, granted the Rule 12(b)(6)/Rule 56 motion, dismissed the action without prejudice, and adopted the report and recommendation as its opinion. The district court explained in so ruling that the action was "premature because Turner's obligation to indemnify and provide cost of defense cannot be determined until there has been a judicial finding in state court as to the liability, if any, of plaintiff, Exxon Mobil Corporation."

Exxon timely appealed. We have appellate jurisdiction under 28 U.S.C. § 1291.

II.

We first ask whether the district court dismissed the action for reasons of non-justiciability or for reasons based on the discretion accorded by the Declaratory Judgment Act, 28 U.S.C. § 2201.[2] The answer determines our standard of review. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) ("We review a district court's determination that there existed a justiciable controversy de novo. The decision of a district court to exercise its declaratory judgment jurisdiction is reviewed for abuse of discretion." (citation omitted)).

We read the dismissal order to be based on the exercise of discretion. To be sure, the magistrate judge and the district judge wrote that the declaratory action is "premature," which is a term that Turner used when arguing that the

---

[2] The Declaratory Judgment Act, in pertinent part, provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

declaratory action is not ripe. The judges' usage of "premature" also suggests non-justiciability: The magistrate judge wrote that the action is premature because the federal court could not yet completely resolve whether Turner owes Exxon defense and indemnity. The district court wrote that the action is "premature because Turner's obligation to indemnify and provide cost of defense cannot be determined until there has been a judicial finding in state court as to the liability, if any, of plaintiff, Exxon Mobil Corporation."

Nevertheless, our further probing of the magistrate judge's analysis unmasks "premature" to mean something different from jurisdictionally "ripe." The magistrate judge began the relevant analysis by noting that the Declaratory Judgment Act "bestows a choice upon the district court, and the decision of whether or not to grant a party's request for declaratory judgment is left to the district court's sound discretion." The magistrate judge next recognized that "a district court . . . must provide an explanation for its actions," and then followed with this circuit's criteria for deciding whether to exercise the court's declaratory judgment jurisdiction. As summarized *supra* Part I, the magistrate judge applied these criteria and concluded "that it is appropriate for [the district court] to exercise its discretion and dismiss this matter." The district court approved the magistrate judge's report and recommendation and adopted it as the court's opinion. Neither the magistrate judge nor the district judge mentioned ripeness or, more generally, justiciability when referring to "prematurity." This action was not dismissed on grounds of justiciability, but instead was dismissed under the discretion that the Declaratory Judgment Act accords to the district court.[3]

[3] Furthermore, the action is ripe. A declaratory action is justiciable even if it presents some issues that a federal court cannot yet adjudicate. *See Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989) (noting that declaratory relief need not "entirely dispose of the matter. . . . Further necessary and proper relief based upon factual disputes not yet resolved may be sought at a later time."). Here, trial on the merits has concluded in at least four of the underlying state-court lawsuits; and Turner has raised affirmative defenses (statutory peremption and ambiguity of contract) that, if successful, would apply globally to

III.

We turn to whether the action's dismissal was an abuse of discretion. A district court's discretion in choosing whether to hear a declaratory action is "broad." *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). A district court:

> may consider a variety of factors in determining whether to decide a declaratory judgment suit. For example, declaratory judgment relief may be denied [i] because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, [ii] because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, [iii] because of possible inequities in permitting the plaintiff to gain precedence in time and forum or [iv] because of inconvenience to the parties or the witnesses.

*Id.* (quoting *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989).

Here, the magistrate judge assigned the following three reasons for dismissing the action. First, the underlying personal-injury lawsuits were pending in Louisiana state court, which "offer[s] a forum in which the indemnification/defense cost issue can be fully litigated" and which "can apply Louisiana contract law just as well as this Court." Second, Exxon may have initiated the declaratory action to forum-shop. Third, considering the declaratory action's primary question—whether Turner must defend and indemnify Exxon from the state-court lawsuits—was "premature."

These considerations do not align perfectly with the factors mentioned in *Torch*. The *Torch* factors, however, are illustrative and non-exhaustive. We look also to the following considerations here: Under Louisiana law, questions of

---

its defense-and-indemnity duties arising from any of the state-court lawsuits.

Because this action is ripe, we do not consider whether the action, if unripe, should have been dismissed under Federal Rule of Civil Procedure 12(b)(1).

contractual defense and indemnity that depend on a contractual party's fault "cannot be determined until there has been a judicial finding that the [putative] indemnitee is liable or that the charges against it were baseless." *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987). This determination can be made only "after trial on the merits." *Id.*[4] Trial on the merits has concluded in only about four of the Turner employees' state-court lawsuits against Exxon. Some of the declaratory action's issues, which include Turner's defense-and-indemnity duties arising from pending state-court lawsuits, therefore cannot yet be fully and finally decided.

The significant number of pending lawsuits, along with the other reasons provided, sufficiently supports the district court's decision to dismiss the action as premature. The dismissal was not an abuse of discretion.

IV.

Exxon's final contention concerns the report and recommendation's references to the LOAIA. The magistrate judge wrote in conclusory fashion that the "applicable Louisiana law to the issue at bar is the LOAIA." She also implied that the Louisiana Supreme Court's decision in *Meloy* reaches only those cases in which the LOAIA applies:

> This Court cannot resolve the indemnification/defense cost issue at this time because the Louisiana Supreme Court has held that, *under the Louisiana Oilfield Indemnification Act ("LOAIA")*, an indemnitor's (Turner's) obligation for indemnification/cost of defense "cannot be determined until there has been a judicial finding that the indemnitee (Exxon) is liable or that the charges against it are baseless." The Louisiana Supreme Court has further held that, whether an oil company/indemnitee is free from fault and thus outside

[4] Exxon's argument that *American States Insurance Co. v. Bailey* commands otherwise is without merit. This court decided *Bailey* under Texas law, not Louisiana law. *See* 133 F.3d 363 at 369 ("In this diversity case, Texas rules of contract interpretation control.").

> the scope of the Act can only be determined *after a trial on the merits*.

*Exxon Mobil Corp. v. Turner Indus. Group LLC*, No. 07-967-C-M2, at 3-4 (M.D. La. Mar. 28, 2008) (magistrate judge's report and recommendation) (quoting *Meloy*, 504 So.2d at 839) (first emphasis added).

Exxon contends that the LOAIA does not apply here: Exxon's blanket contract with Turner was an agreement for Turner to provide services at a chemical plant and oil refinery, and Louisiana courts have held that the LOAIA does not apply to agreements to perform services at an oil refinery. *See Griffin v. Tenneco Oil Co.*, 519 So.2d 1194, 1196 (La. App. 4 Cir. 1988) (holding that the LOAIA does not apply to an agreement to perform services at a refinery because "[t]he Legislature was obviously concerned about wells and drilling, not about pipeline transportation or refining of oil, and this concern is reflected in the statute").

We conclude that, irrespective of whether the LOAIA applies, the report and recommendation's references to the LOAIA do not constitute reversible error. As we have described, Louisiana questions of contractual defense and indemnity that depend on one contractual party's fault cannot be determined until the underlying lawsuit's trial on the merits concludes the fault issues. *See Meloy*, 504 So.2d at 839. This rule applies beyond the context of the LOAIA. *See Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 51 (La. 2005) (applying *Meloy* to a defense-and-indemnity contractual provision that was at issue in a construction-tort lawsuit). The report and recommendation's assertions about the LOAIA thus are surplusage, and we find no reversible error.

V.

For the foregoing reasons, the dismissal of this declaratory action is

AFFIRMED.